UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AVENS PIERRE,

      Petitioner,

v.                                   Case No: 2:13-cv-216-FtM-29MRM

ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, MARK MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, and STUART K. WHIDDON, Glades County Detention Field Office and Warden of Immigration Detention facility,

      Respondents.

_____

### ORDER OF DISMISSAL

This matter comes before the Court upon review of Respondent's Motion to Dismiss (Doc. #15), filed on December 3, 2015.[1]

---

[1] Petitioner named several Respondents. (See Doc. #1.) Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the Glades County Sheriff, Stuart Whiddon, was

Petitioner has not filed a response to Respondent's Motion and the time to do so has expired. (See docket.) This matter is ripe for review.

**I.**

Petitioner Aven Pierre, a native and citizen of the Bahamas, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1), while detained at the Glades County Detention Center, on March 5, 2013. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] As relief, Petitioner seeks immediate release and any other relief deemed appropriate by the Court. (Id. at 5.)

Respondent filed a Response opposing the Petition in its entirety. (Doc. #9.) Respondent contends that Pierre was properly subject to mandatory detention under 8 U.S.C. § 1226(c)

---

Petitioner's immediate custodian considering Petitioner was held at the Glades County Detention Center. All other named Respondents will be dismissed from this action.

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in Demore v. United States, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). Demore, 538 U.S. 510, 517 (2003).

pending deportation because he committed crimes subjecting him to the provisions of this statute. Petitioner filed a reply (Doc. #10).

On November 23, 2015, the Court issued an Order requiring Respondent to file an update with the Court informing the Court of the status of Petitioner's removal proceedings. (Doc. #14.) In response to the Court's Order, Respondent filed a Motion to Dismiss for Mootness (Doc. #15). Respondent contends that the Petition is due to be dismissed as moot because Pierre has been removed from the United States.

**II.**

The uncontested factual history set forth in Respondent's Response is as follows: Petitioner, a native and citizen of the Bahamas who entered the United States in 1976. In 1988 (effective 1982) his status was changed to lawful permanent resident.

In 1994, Petitioner was convicted of aggravated assault with a deadly weapon, false imprisonment, and battery. He was sentenced to 146 days in jail and five years of probation. In 1999, Petitioner was convicted of attempted possession of cocaine with intent to sell or deliver, and sentenced to 8 months in prison, 20 months of probation, and 50 hours community service. In 2002, Petitioner was convicted of delivery of cocaine and possession of cocaine. He was sentenced to seven days in jail and

one year of community control.  Finally, in 2011, Petitioner was convicted of possession of more than 20 grams of cannabis.  He was sentence to one day in jail, 18 months or probation, and 100 hours of community service.

On March 28, 2012, the United States Immigration and Customs Enforcement ("ICE") detained Petitioner at the Department of Corrections Probation Office.  That same day, he was served with a Notice to Appear charging him with removability.  Petitioner was also notified in writing that he was subject to mandatory detention.

On March 29, 2012, the Department of Homeland Security initiated removal proceedings by fling the Notice to Appear with the Krome Immigration Court.  On March 18, 2013, Petitioner filed the instant habeas petition.  On April 11, 2013, Petitioner was ordered removed.  Petitioner timely appealed with the Board of Immigration Appeals on May 2, 2013.  On November 13, 2013, the United States Immigration and Naturalization Service released Petitioner from custody and removed him to the Bahamas.  (Doc. #15-1.)

### III.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, ____ U.S. ____, 133 S. Ct. 1017, 1023 (2013).  This case or

controversy requirement must be present through all stages of federal judicial proceedings.  Id.  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  Knox v. Serv. Emps., ___ U.S. ___, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted).  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot.  Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Pierre has left the United States.  (Doc. #15-1.)  To the extent Pierre sought release from his confinement pending deportation, the Court can no longer give him any meaningful relief.  See Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release from a lengthy detention pending removal because the alien had been returned to his native country).  Since it is impossible for the court to grant any effective relief, the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents Marc Moore, Anthony Aiello, Eric Holder, and Janet Napolitano, are **DISMISSED**.

    2.   Respondent's Motion to Dismiss (Doc. #15) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

    3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

    **DONE** and **ORDERED** in Fort Myers, Florida on this __5th__ day of January, 2016.

                                                            /s/ John E. Steele  
                                                           JOHN E. STEELE  
                                                           SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2  
Copies: All Parties of Record